IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CRIMINAL NO.  LO-19-0449 |
| | * | |
| KENNETH RAVENELL, et al. | * | |
| Defendants. | * | |

**DEFENDANT TREEM'S MOTION FOR A BILL OF PARTICULARS**

Defendant Joshua Treem, by and through undersigned counsel, respectfully moves this Court to require the Government to provide a bill of particulars identifying in Counts Four and Five the particular action(s) that constitute the initial criminal act Mr. Treem is alleged to have first committed and the beginning date on which he is alleged to have first committed the criminal act. This is not clear in the Second Superseding Indictment and has been further muddled by contradictory representations by the government. Mr. Treem is entitled to avoid surprise and to know what he is to defend against at trial. That requires granting this bill of particulars.

**ARGUMENT**

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the Court to direct the Government to file a bill of particulars. *See United States v. Anderson,* 481 F.2d 685, 690 (4th Cir. 1973). The Court has discretion in such matters, but there exists "no discretion to disregard the requirements of the Sixth Amendment that the accused shall be informed of

the nature and cause of the accusations against him fully enough to enable him to prepare his defense." *Williams v. United States*, 164 F.2d 302, 304 (5th Cir. 1947) (finding reversible error for trial court to refuse the defendant's motion for a bill of particulars).

The purpose of a bill of particulars is "to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973) (citing *United States v. Dulin*, 410 F.2d 363, 364 (4th Cir. 1969)). A bill of particulars serves to amplify the indictment "by providing missing or additional information so that the defendant can effectively prepare for trial." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996) (citations omitted).

A court may consider "the complexity of the crime charged" when determining what additional information a defendant needs to adequately prepare for trial. Charles Alan Wright, *et al*, 1 *Fed. Prac. & Proc. Crim.* § 130 (4th ed. 2019); *see also United States v. Wharton*, ELH-13-0043, 2014 WL 1430387, at *12 (D. Md. Apr. 10, 2014), *aff'd*, 840 F.3d 163 (4th Cir. 2016) ("Given the complexity and nature of the charges, and the extended period of time involved, I am persuaded to grant the defendants' request for a bill of particulars.").

## THE BILL OF PARTICULARS SOUGHT IS WARRANTED.

On July 23, 2021, Mr. Treem and others were charged in Counts Four through Seven of a Second Superseding Indictment with violations of 18 U.S.C. §§ 371, 1512 and 1519. The indictment appears to charge that Mr. Treem's first alleged criminal act occurred on

September 9, 2017, when he showed a witness a set of exculpatory statements prepared by his client. (See Count 5, paragraph 2, alleging that the criminal conduct alleged therein began no later than September 9, 2017[1] and Count Four, paragraph 16, describing the first overt act by Mr. Treem in furtherance of the conspiracy as occurring on September 9, 2017, when Mr. Treem traveled to interview R.B.). Notably, the indictment does not allege that Mr. Treem knew the exculpatory statements were false. The government also charges Mr. Treem with asking the witness to sign the statements he adopted after the witness had contradicted himself.

Perhaps recognizing that neither act constitutes a crime, the government disclaimed in its omnibus response to defendants' motions what it had said in the indictment and acknowledged that defendants cannot be guilty of obstruction of justice simply because "they memorialized the fact that R.B. made exculpatory statements," or because they did not document inculpatory statements that R.B. made. USG Omnibus Resp. at 29, 34-35. To make the point clearer, the government stated that it was only after September 10, when they allegedly "fabricated evidence"—the Gordon declaration and the letter to the federal judge—that the defendants committed a crime. USG Omnibus Resp. at 35 ("But they chose to fabricate evidence about their meeting with R.B. The Superseding Indictment alleges that is when they broke the law").

---

[1] Count Five, for example, charges that the defendants created false and fictitious records, beginning on September 9, 2017, that included "a set of false exculpatory statements titled `KWR's Combined Notes,' which Treem and Gordon encouraged R.B. to sign, . . . [which] were . . . *fraudulently prepared* to be used to undermine and impeach R .B.'s credibility if he were to be called in an official proceeding to give testimony against Ravenell." (Emphasis added). Paragraphs 11 and 12 of Count Four contain similar language.

However, at the argument, the government denied that it had changed its position, but carefully addressed only the allegations that a crime was charged in Counts Six and Seven relating to the letter to the federal judge and the declaration by the investigator. Tr. 91-92. (7/7/21-unredacted). Nowhere in the argument did the government stand by the assertion that Mr. Treem committed a criminal act by seeking to have the witness affirm statements that were based on information provided by his client or by asking the witness to sign a document to confirm the statements he had previously affirmed to be true.

Knowing what the charge really is affects, among other things, what evidence is admissible at trial against Mr. Treem, what must be defended and what need not. If only portions of Counts Four and Five are still alleged to be crimes, the time to know that is now.

Because the government has argued both yes and no, Mr. Treem requests a bill of particulars in which the Government shall identify what is the first criminal act he is alleged to have committed in Counts Four and Five and when it occurred. A bill of particulars is necessary to apprise Mr. Treem what he has been called on to defend, afford him a meaningful opportunity to prepare a defense, and circumscribe the issues of fact to be determined at trial.

## **CONCLUSION**

As matters stand, Mr. Treem cannot adequately defend the charges against him. Accordingly, the Court should require the Government to provide a bill of particulars.

> SCHERTLER ONORATO MEAD & SEARS, LLP
> /s/ *Robert P. Trout*
> Robert P. Trout, Bar No. 01669
> 901 New York Ave., NW, Suite 500
> Washington, DC 20006
> Telephone: (202) 675-4410
> Facsimile: (202) 628-4177
> rtrout@schertlerlaw.com
>
>
> /s/ *Daniel F. Goldstein*
> Daniel Goldstein, Bar No. 01036
> 131 Rte 9A
> Spofford, NH 03462
> Telephone: (410) 218-8537
> dan@gold-stein.com
>
> *Attorneys for Joshua Treem*

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Bill of Particulars was, this 1st day of November, 2021, served on all parties of record via the court's ECF filing system.

/s/*Robert P. Trout*
Robert P. Trout