IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | *     <u>UNDER SEAL</u> |
| v. | * |
| | *     CRIMINAL NO.   LO-19-0449 |
| KENNETH WENDELL RAVENELL, | * |
| JOSHUA REINHARDT TREEM, and | * |
| SEAN FRANCIS GORDON | * |
| | * |
| Defendants. | * |

*******

**UNITED STATES' OPPOSITION TO
DEFENDANTS' LETTER MOTION TO MODIFY PROTECTIVE ORDER**

The United States of America, by and through its undersigned attorneys, hereby submits this response to Defendant Treem's letter to the Court dated November 5, 2021, requesting modifications to the protective order.  ECF No. 394.  The Court directed the Government in a sealed order to respond by noon today.  ECF No. 395.

**I.     PROCEDURAL HISTORY**

The Defendant's letter requests the Court modify the protective order currently in force in this case.  The Court first entered a protective order on October 23, 2019, upon a showing of good cause by the Government.  ECF 37.  The protective order imposed restrictions on the handling and dissemination of discovery in order to ensure witness safety among other concerns.  In light of the COVID-19 pandemic, the protective order was then modified on March 24, 2021, ECF 113. These first two iterations of the protective order applied to Defendant Ravenell, who was the only charged defendant at the time they were entered.  Under the provisions of the modified protective order, Ravenell was permitted to access and review discovery materials in the safety and comfort of his home through an e-discovery platform that prevents copying, downloading, and printing.

After Defendants Treem and Gordon were indicted, they moved, on February 18, 2021, to modify the protective order, ECF 162, to do away with those necessary and practical restriction on their ability to possess and misuse highly sensitive information in the discovery materials, in a case in which they are charged with obstructing justice by falsifying documents and tampering with witnesses. The defendants also requested permission to share copies of discovery materials among their defense teams, which, in light of the fact that defendant Treem decided not to request full discovery, would have enabled defendant Treem to defeat the express reciprocal discovery obligations imposed on his co- defendants by Rule 16.[1]  The Government opposed the Defendants motion.   On March 19, 2021, the Court entered an amended protective order.   ECF No. 171.   It did not remove the restrictions on "Protected Information" contained in the previous iterations of the protective order and did not permit the Defendants to share discovery materials in the way in which Defendant Treem had requested.[2]

## II.     LEGAL STANDARD

In his letter of November 5, 2021, Defendant cited the U.S. District for the District of Maryland's Standing Order on Criminal Discovery 2020-01, Misc. No. 00-308.   That Standing Order has a discovery dispute resolution mechanism that provides for the filing of letters, like Defendant Treem has done.   *See Id*. at ¶4, Exhibit 1.   That informal dispute resolution

---

[1] Defendant Treem requested statements and the prior record of the defendant but explicitly declined to request documents and objects under Rule 16(a)(1)(E) or reports of examinations and tests under Rule 16(a)(1)(F), which would trigger reciprocal disclosure obligations on defendant Treem under Rule 16(b)(1).

[2] The Consent Protective Order defines "Protected Information" to include "interview reports, grand jury transcripts, business records, financial records, tax records, responses to grand jury subpoenas, recordings, documents from searches of law firms, and other sensitive information and materials that have been or will be produced in discovery by the United States in this case."

mechanism applies to the Standing Order itself, not to protective orders like the one entered in this case. In any event, the Standing Order does not change the law that applies to modifications of protective orders, which Defendant Treem does not address in his letter. The Government summarized those authorities in its opposition to Defendant Treem's previous attempt to modify the protective order, and it is as follows:

> Rule 16(d)(1) provides that the Court may, for good cause, enter a Protective Order restricting discovery or inspection of discovery materials, or grant other appropriate relief. Protective orders are common and not only used "to resolve individual discovery disputes, but also to 'expedite the flow of discovery' in cases involving a large amount of sensitive information." *United States v. Johnson*, 314 F. Supp. 3d 248, 252 (D.D.C. 2018).
>
> The Court enjoys "vast" discretion to enter a Protective Order under Rule 16(d)(1). *United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019); see also Johnson, 314 F. Supp. 3d at 251 ("[O]nce a showing of good cause has been made, the court has relatively unconstrained discretion to fashion an appropriate protective order."). "[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). Upon a showing of good cause, such orders may, for instance, prohibit a defendant from possessing discovery materials outside the presence of counsel. *See, e.g., United States v. Navarro*, 770 F. App'x 64 (4th Cir. 2019) (affirming protective order requiring that discovery materials remain in defense counsel's office); *United States v. Workman, No.* 1:18CR00020, 2019 WL 276843, at *1 (W.D. Va. Jan. 22, 2019).
>
> Rule 16 does not define "good cause," but Advisory Committee notes advise courts to consider, among other things, the safety of witnesses and any danger of witness intimidation or perjury. *Id.* (citing Fed. R. Crim. P. 16 advisory committee note to 1966 amendment); *United States v. Graham*, No. 19-CR-1852-SRN-KMM, 2020 WL 614808, at *1 (D. Minn. Feb. 10, 2020) (*citing United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015)). Indeed, Rule 16(d)(1) "vests district courts with broad discretion to 'limit,' 'condition,' or 'absolutely prohibit' the disclosure of discovery materials in criminal cases if doing so is 'in the interests of witness security.'" *United States v. Barbeito*, No. 2:09-CR-00222, 2009 WL 3645063, at *1 (S.D.W.Va. Oct. 30, 2009) (*quoting United States v. Roberts*, 793 F.2d 580, 587 (4th Cir.1986), vacated on other grounds, 811 F.2d 257 (4th Cir.1987)). "It is appropriate . . . to employ Rule 16(d) protective orders to curtail

> the public dissemination of sensitive discovery materials that may endanger witnesses or informants." *Barbeito*, 2009 WL 3645063, at *1.
>
> The burden of establishing "good cause" rests with the party seeking the Protective Order. *Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015). Importantly, where there is an existing Protective Order, the burden of showing "good cause" lies with the party seeking modification to the Protective Order. *United States v. Kumar*, No. 4:17-CR-5-FL-L, 2019 WL 6878491, at *1 (E.D.N.C. Dec. 16, 2019). "When a party requests a modification or rescission of a protective order, courts consider whether good cause exists for the modification or rescission and whether the other party has relied upon the protective order." *United States v. Walker*, 2019 WL 4412909, at *11 (E.D.N.C. 13 Sept. 2019).

*See* United States Opposition to Defendants' Motion to Modify Protective Order at 6-7, ECF No. 169.

### III.   ARGUMENT

#### A. The Defendant Should Not Be Allowed to Defeat Rule 16's Reciprocal Discovery Requirements

In his letter, Defendant Treem again asks the Court to allow him to obtain from his co-defendants Ravenell and Gordon documents that were produced by the Government to them pursuant to Federal Rule of Criminal Procedure 16(E).   Defendant Treem elected not to make a discovery demand pursuant to Rule 16(E), which was his right, unlike his two co-defendants. Defendant declined to make such a demand in order to avoid the reciprocal discovery obligation that Rule 16(b)(1)(A) would impose on him.   The Court previously rejected Defendant Treem's attempt to do an "end run" around his reciprocal discovery obligations in this way.

Now, in his letter, Defendant Treem claims that his co-defendants have told him that they are "in possession of specific materials received from the government clearly producible under *Brady*," and that "[a]t the very least, therefore, there is a dispute between what the government considers to be covered by *Brady* and what the defense considers to be covered by *Brady*."

4

Defendant Treem asks the Court to modify the protective order to give him access to whatever these unspecified documents are that his co-defendants deem to be *Brady* material.   Letter at 1-2.   As the Government has consistently maintained, it has satisfied the obligations that *Brady v. Maryland* imposes on it.   The Defendants' repeated claims that the Government has not done so have all been rejected by the Court because they have been meritless.   In short, there is no dispute for the Court to resolve concerning *Brady* at this point.   Therefore, the Defendant has failed to meet his burden to show "good cause" to modify it to allow for the kind of discovery sharing that would effectively defeat the reciprocal discovery obligations of Rule 16.

### B. The Defendant Should Not Be Permitted to Possess Physical Copies of Protected Information

Defendant Treem also asks the Court to modify the protective order to allow him to take physical possession of a copy of the video recording of the meeting with R.B. that occurred on September 9-10, 2017, at the Towers Jail in Arizona and an unredacted transcript of it.   Under the terms of the protective order, none of the defendants can possess "protected information," themselves, including the video recording and transcripts of it.   The video reveals that R.B. is cooperating with the Government.   The video was made using eyeglasses that R.B. was wearing so it is clear he is an active participant.   Put another way, the video was not shot from a vantage point in the ceiling or a stationary location that would allow the video to be interpreted as having been made by the Government without R.B.'s active involvement.   The transcript also contains dialogue at its beginning and end that reveals R.B. is cooperating.

The Government engaged in good faith negotiations with the Defendant to resolve this dispute.   As the Defendant quotes in his letter, the Government offered to make a redacted transcript available that Defendant Treem could physically possess.   Defendant Treem omitted to

5

tell the Court, however, that the Government also offered to make an "audio-only" version of the recording available that Treem could physically possess. An audio-only version would not reveal that R.B. was cooperating.

As Defendant Treem pointed out in his letter, the Defendants chose to file items produced in discovery that was "protected information," including the "transcript of the September 9-10, 2017 interview (ECF178, Exhibit 3A and 4A) and the videotape of the interview (ECF178, Exhibits 3B and 4B)" under seal as exhibits to some of their motions. Letter at 2. Having done so does not change the terms of the protective order or downgrade those items from "protected information" to unprotected information. Bizarrely, counsel for Treem claims to have given Treem various sealed filings in this case "but not with any intention, [counsel for Treem] did not send [Treem] all the exhibits that have been filed" including the video and transcript of the September 9-10, 2017. Letter at 2. Defendant Treem then takes the position that they are "not asking for any amendment to the protective order," even though they clearly are. *Id*. Instead, Defendant Treem claims that "nothing in the protective order prohibits Mr. Treem from having possession of what has been filed in this case." *Id*. The Defendant has it backwards. If Protected Information is filed by the Defendants' counsel, they still can't give physical possession of it to their clients. Otherwise, the Protective Order would be meaningless. The Defendants could defeat it by simply filing the items they wanted to give their clients physical possession of.

Defendant Treem's latest request has to be considered in context. Simply put, the Defendants attitude towards witness safety in this case has been alarming. They filed a motion taking the extraordinary position that they should be able to publicly identify R.B., an inmate in federal prison, as cooperating drawing the following observation from the Court:

> 7. As all counsel are undoubtedly aware, inmates in BOP facilities who are cooperating with law enforcement have been the target of dramatically increasing numbers of threats and assaults by fellow inmates. The Federal Public Defenders Service, the US Administrative Office of the US Courts, the Criminal Law Committee of the US Courts, the Bureau of Prisons, the US Probation Office, and other entities are taking steps nationwide to attempt to prevent the disclosure of cooperators through several ongoing means. It is therefore disappointing to the Court for Defendants' learned counsel to take the position they have in this instance.

Sealed Order of April 22, 2021, ECF 155.  Undeterred, at the motions hearing, as counsel discussed at sidebar ways to safely discuss R.B.'s cooperation while at the same time keeping as much of the hearing as open as possible, counsel for Defendant Ravenell asserted, "I think all of this is a canard to try to keep this from the public eye."   Hearing of July 7, 2021 Transcript (Sealed Portion) at 19-20.   To which the Court responded:

> You don't get the correspondence on a weekly basis that I get about witnesses who are cooperating and being threatened, being assaulted, and are not being protected in a lot of environments. So I'm very mindful of that.
>
> His name is out there. Some people have reported it, but it's not widely known. Within the confines of the prison, wherever he is these days, I think that the less information that's available for now, that's important.

Id. at 8:24-98.   Finally, while counsel for Defendant Treem asserts that "there is no suggestion that Mr. Treem has violated the protective order or has violated any seal order," on that very same day he also sent a letter to the Court addressing the fact that Defendant Treem violated his terms of supervised release and travelled out of state without permission.

In sum, the threats to R.B.s physical safety that provided good cause for the entry of the protective order have not changed.   Defendant Treem has failed to show good cause to modify the protective order to allow him to have physical possession of "protected information."   As stated above, the Government is willing to provide a redacted transcript that omits the dialogue at the beginning of the recording that shows that R.B. is cooperating.   The Government is also

willing to create an "audio only" version of the video that also will not reveal that R.B. is cooperating.

                Respectfully submitted,

                Philip Selden
                Attorney for the United States
                Acting Under Authority Conferred by 28 U.S.C. § 515

By:     _____/s/_____
                Leo J. Wise
                Zachary H. Ray
                Assistant United States Attorneys

                Derek E. Hines
                Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served on counsel of record via CM/ECF.

                _____/s/_____
                Leo J. Wise
                Assistant United States Attorneys