IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 19-CR-449 |
| | ) | |
| KENNETH W. RAVENELL, et al., | ) | FILED UNDER SEAL |
| | ) | |
| Defendants. | ) | |

**REPLY TO GOVERNMENT'S OPPOSITION TO JOSHUA TREEM'S
LETTER MOTION TO MODIFY THE PROTECTIVE ORDER**

The government claims that Joshua Treem has not shown good cause to modify the protective order because:

(1) allowing Mr. Treem and his co-defendants to coordinate their defense and allowing Mr. Treem to obtain relevant evidence that witnesses—his co-defendants and alleged co-conspirators—are willing to provide would "defeat Rule 16's reciprocal discovery requirements"; and

(2) allowing Mr. Treem, an experienced attorney with an unblemished career, to have access to a video recording of the interview of R.B., which has been filed under seal as an exhibit in this case, would endanger the safety of R.B. whose identity as a cooperator is scheduled to be openly discussed in less than a month's time.

Whatever interest the Court found in imposing the protective order on March 19, 2021, that interest must now give way to Mr. Treem and his co-defendants' Fifth and Sixth Amendment right to prepare a defense.

**A. Because the protective order impedes Mr. Treem and his codefendants' ability to prepare their defense, good cause exists requiring modification of the protective order.**

Ample good cause mandates modifying the protective order to allow Mr. Treem and his co-defendants to obtain relevant evidence from each other to prepare a defense. The government views the requested modification as an "end run" around Mr. Treem's reciprocal discovery obligations. However, as Mr. Treem has maintained throughout this case, the reason he did not request broad discovery was to avoid becoming inundated with discovery that would have nothing to do with the government's case against him. He could not afford the cost nor the burden of hosting an immense amount of data largely irrelevant to the charges against him

Now, less than a month before trial, the prejudice to Mr. Treem from constraints on his ability to obtain relevant evidence is very real. He has a constitutional right to seek and obtain relevant evidence from willing witnesses—namely his co-defendants, Messrs. Gordon and Ravenell, who are alleged to be his co-conspirators. *See United States v. Ebrahimi*, 137 F. Supp. 3d 886, 887 (E.D. Va. 2015) ("[T]he right of the defense to have access to witnesses in a criminal case should be unfettered and free from government intervention.") (citation omitted) *see also Byrnes v. United States*, 327 F.2d 825, 832 (9th Cir. 1964) ("It is true that any defendant has the right to attempt to interview any witness he desires."). Here, the witnesses and their counsel are all willing. What restrains them is the order of this court. There is nothing in Rule 16 that says if Mr. Treem exercises a right that he has under that rule, he thereby forfeits his right to due process and the effective assistance of counsel. Yet that is the effect of the position that the government is urging the Court

2

to adopt. *See Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("Few rights are more fundamental than that of an accused to present witnesses in his own defense."); *Strickland v. Washington*, 466 U.S. 688, 690-91 (1984) (finding counsel has a constitutional duty to investigate and interview witnesses because the provision of effective legal assistance is contingent upon a thorough factual investigation); *Dennis v. United States*, 384 U.S. 855, 873 (1966) ("In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant facts.").

Conflicts between the government's alleged interest in preventing an "end run" around reciprocal discovery obligations and Mr. Treem's Fifth and Sixth Amendment right to interview witnesses and prepare a defense, should be resolved in favor of Mr. Treem's constitutional rights. *See Geders v. United States*, 425 U.S. 80, 91 (1976) ("To the extent that conflict remains between the defendant's right to consult with his attorney during a long overnight recess in the trial, and the prosecutor's desire to cross-examine the defendant without the intervention of counsel, with the risk of improper "coaching," the conflict must, under the Sixth Amendment, be resolved in favor of the right to the assistance and guidance of counsel.") (citing *Brooks v. Tennessee*, 406 U.S. 605 (1972)).

The protective order constrains Mr. Treem's access to *Brady* material. The government states in its opposition that "the Defendants' repeated claims that the Government has not [complied with the obligation imposed by *Brady v. Maryland*] have all been rejected by the Court because they have been meritless. In short, there

is no dispute for the Court to resolve concerning *Brady* at this point." (ECF 400 at 5). The Court's decision to deny an evidentiary hearing requested by defendants was based on its finding that the alleged *Brady* violations were too speculative, (ECF 361 at 17). While the Court did not find that the government had withheld *Brady* material, neither did the Court find that the government had produced all *Brady* material. And that is the point of Mr. Trout's letter of November 5, 2021. If it turns out that the government has not turned over all *Brady* material to Mr. Treem—and Mr. Treem's co-defendants insist that they have received such *Brady* material—then the protective order's isolation of Mr. Treem from information he is entitled to have will unquestionably prejudice Mr. Treem.

Mr. Treem's Fifth and Sixth Amendment right to obtain relevant evidence from willing witnesses, as well as any *Brady* material that the government has neglected to produce directly to Mr. Treem, provides good cause to modify the protective order.

**B.     Mr. Treem is entitled to receive copies of filings made in his case.**

Even under the existing protective order, Mr. Treem, like all defendants, is entitled to copies of filings made in his case. Federal Rule of Criminal Procedure 49(a)(1) states: "WHAT IS REQUIRED. Each of the following ***must be served on every party***: any written motion (other than one to be heard ex parte), written notice, designation of the record on appeal, or similar paper." (emphasis added).

The government states that filing the video recording of Mr. Treem's interview of R.B. "does not change the terms of the protective order or downgrade those items from 'protected information' to unprotected information." (ECF 400 at 6). The

government cites no language in the protective order that prohibits defendants from accessing documents filed in their case, because the protective order contains no such restriction.

The government relies on Rule 16(d), which allows the court to issue protective orders regulating discovery, and says it is bizarre that counsel for Mr. Treem would think that his client could be provided with an exhibit to a court filing, if that exhibit also happened to be a document provided in discovery. However, Rule 16 is not the applicable rule for protective orders that limit remote access to documents filed in a criminal case. Rule 49.1 governs privacy protection for filings made with the Court, not Rule 16. Rule 49.1(e) governs protective orders that limit access to filings made with the Court. It provides that "[f]or good cause, the court may by order in a case: (1) require redaction of additional information; or (2) limit or prohibit a ***nonparty***'s remote electronic access to a document filed with the court." *Id*. (emphasis added). The rule does not authorize the Court to enter protective orders restricting a defendant's remote access to documents filed in a criminal against him, and the protective order in this case, issued pursuant to Rule 16, does not impose any such restriction.

Apart from the absence of any legal authority for the government's position, many reasons support Mr. Treem having possession less than a month before trial of key evidence that the government will seek to use against him. The government believes it is enough to say, the defendants are accused of obstruction, and claim that the defendants have an "alarming" attitude about witness safety.

5

Here are the facts:

1. R.B.'s actual name has been widely publicized in the media, and it is unrealistic to think that anyone who is paying attention would not know he is a cooperator.

2. Mr. Treem, while still representing Mr. Ravenell, knew at least three years ago that R.B. had become a cooperator. There is no evidence that Mr. Treem has done anything that put R.B. at risk.

3. Since February of this year, when Mr. Treem's counsel began working on pretrial motions, Mr. Treem has been in possession of tangible things (such as drafts of motions for review) that revealed R.B.'s status as a cooperator, and as is his right, Mr. Treem has received both the defendants' filings under seal and the government's filings under seal. There is no evidence that Mr. Treem has violated the seal order or done anything with those tangible things that put R.B. at risk.

4. The defendants in this case have not argued for public proceedings because they want to publicize R.B. as a cooperator. They have argued for public proceedings because they have a Sixth Amendment right not only to a public trial but to a public airing of important pre-trial proceedings that could be dispositive. *See generally, Waller v. Georgia,* 467 U.S. 39 (1984). When the government brings a criminal case, it should implement a plan at the outset for any witness security issues, and that plan should take account of a defendant's Sixth Amendment right to public proceedings and the public's First Amendment right to know about judicial proceedings. The government's plan for witness security should not include abridgment of a defendant's and the public's constitutional rights.

5. While the government insists it is enough to say that this is an obstruction case, the actual evidence in this case quite clearly shows that when R.B. urged Mr. Treem to

6

obstruct justice by deleting or removing information from a laptop—presumably at the prompting of the government—Mr. Treem flatly refused.

6.      We are now less than a month from the scheduled trial in the superseding indictment, and eighteen months *after* Mr. Ravenell's original scheduled trial date. This raises an obvious question: Is the government telling the court that it has done nothing since September 2019 to secure the safety of the witness and that it is justified in waiting until the last possible moment before trial to take steps to secure R.B.'s safety? Or is the government's position nothing more than an effort to make it more difficult for Mr. Treem to defend himself?

## CONCLUSION

For the foregoing reasons, Mr. Treem respectfully requests that the Court modify the protective order to provide that nothing in the protective order shall be construed to limit a) Mr. Treem and his counsel's ability to obtain relevant evidence in the case, including relevant evidence in the possession of his co-defendants, or b) Mr. Treem's access to or possession of all filings made in the case, including any exhibits filed in this case, whether or not filed under seal with the court.

Respectfully submitted,

SCHERTLER ONORATO MEAD & SEARS, LLP
/s/*Robert P. Trout*
Robert P. Trout, Bar No. 01669
Noah J. Cherry, VA Bar No. 95726
901 New York Ave., NW, Suite 500
Washington, DC 20006
Telephone: (202) 675-4410
Facsimile: (202) 628-4177
rtrout@schertlerlaw.com

*/s/ Daniel F. Goldstein*
Daniel Goldstein, Bar No. 01036
131 Rte 9A
Spofford, NH 03462
Telephone: (410) 218-8537
dan@gold-stein.com

*Attorneys for Joshua Treem*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of November 2021, I caused a copy of Joshua Treem's Reply to Government's Opposition to Joshua Treem's Letter Motion to Modify the Protective Order to be served upon counsel for the United States of America via electronic mail.

/s/ Robert P. Trout
Robert P. Trout
*Attorney for Joshua R. Treem*